## Bowers' Estate—Stephan's Appeal.

*Res adjudicata—Public policy—Related causes.*

1. A cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. This is a rule dictated by a public policy which demands that when a fact has been judicially and finally determined between the same parties, contention with respect thereto must cease. The rule applies with the same strictness where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to the recovery in the second, was determined in the first.

*Res adjudicata—Failure of charitable gift—Alternative gift to executor—Finding of fact.*

2. Where the Orphans' Court upon the adjudication of the first account of an executor decided as a fact that an alternative gift to him, in the event of the death of the testatrix within thirty days of the date of the will, with consequent failure of a gift to charity, was not void on the ground that it was a device or scheme adopted by the testatrix and participated in by the claimant to defeat the operation of the Act of April 26, 1855, P. L. 328, this question cannot be reopened upon the adjudication of the second account of the executor. The exact question of fact having been determined in the first proceeding, and no appeal having been taken, all controversy with respect thereto was finally closed: Guenther's Appeal, 4 W. N. C. 41, distinguished.

Argued March 3, 1913. Appeal, No. 144, Jan. T., 1912, by Frederick Stephan, from decree of O. C. Berks Co., May T., 1910, No. 25, dismissing exceptions to adjudication in Estate of Sarah A. Bower, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication. Before BLAND, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was the action of the court in dismissing exceptions to the adjudication.

*John G. Johnson,* with him *William J. Rourke* and *C. H. Ruhl,* for appellant, cited: Bell v. Allegheny County, 184 Pa. 296; McCown's Est., 221 Pa. 324; Lafferty's Est., 230 Pa. 496; Rahm's Est., 233 Pa. 602.

*D. E. Schroeder,* for appellees, cited: Ake's App., 21 Pa. 320; Galloway's Est., 5 Pa. Superior Ct. 272; Lease v. Ensminger, 5 Pa. Superior Ct. 329; Stirk's Est., 232 Pa. 98.

OPINION BY MR. JUSTICE STEWART, April 21, 1913:
A cause of action once finally determined, without

appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. This is a rule dictated by a public policy which demands that when a fact has been judicially and finally determined between the same parties, contention with respect thereto must cease. The rule applies with the same strictness where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to the recovery in the second, was determined in the first. We are dealing in this case with an adjudication in the Orphans' Court of a second and final account of an executor. Since this adjudication can affect in no possible way the distribution of the fund accounted for in the first and partial account of the executor, and no claim is here being asserted with respect to the fund there distributed, but only with respect to what is embraced in the second account, the contention is made that we have here a different cause of action from that which was adjudicated in the former proceeding. However this may be, there remains for consideration the question of whether any matter essential to the determination of the issue here raised was finally determined in the former adjudication as essential there. If such be the case, then with respect to that particular subject it is res judicata.

By her last will, dated 5th August, 1907, Sarah A. Bower, an aged and childless widow, gave the principal part of her estate to charitable uses; the residue she distributed among her kindred and friends. She directed in her will that, in case she died within thirty days after the execution of the will, "all legacies for masses and charitable purposes herein given and bequeathed, as well as the legacies for charitable purposes in the residuary clause hereof, shall go unto and become vested in Frederick Stephan, absolutely, his heirs, executors or administrators." She appointed Frederick Stephan, the

above-named alternative legatee, executor. The testatrix died 23 August, 1907, within a calendar month from the making of her will, and in consequence the charitable bequests therein failed. The executor filed a first and final account, which was adjudicated 27 November, 1908. In that proceeding his right to participate in the distribution as legatee was challenged by testatrix's next of kin, on the ground that the alternative gift to him on failure of the charitable bequests was a device or scheme adopted by the testatrix and participated in by the claimant, to defeat the operation of the Act of 26 April, 1855, Section 11, and give effect to the charitable bequests notwithstanding the act. The issue tried was exclusively one of fact, and was determined in favor of the claimant to whom the fund was finally awarded. In the second adjudication, by a different process of reasoning, the learned judge of the Orphans' Court reached a conclusion directly at variance with his determination in the earlier contest on the first distribution, and awarded the fund there in dispute to the appellees, on the ground that the alternative gift was a scheme adopted by testatrix, and assented to by legatee, to defeat and avoid the provisions of the statute referred to. Whether the later or earlier adjudication has the better support is a matter not calling for consideration here. We take occasion, however, to say, since the learned judge in his opinion filed seems to have been influenced largely in his conclusion in what appears in Stirk's Est., 232 Pa. 98, decided since his first adjudication, that the two cases are so distinguishable on their facts that the rulings in the case cited are wholly without application here. Independent of any such consideration, we have the controlling fact here, that the exact question of fact upon the determination of which this decree rests was judicially passed upon in a controversy between the same parties and their privies. Having been once judicially determined, without appeal, all controversy with respect thereto was thereby finally closed.

There is nothing in the case of Guenther's App., 4 W. N. C. 41, so much relied upon by the appellees, that conflicts in the slightest with our present ruling. What is there held was that a decree confirming an account is conclusive only as to the funds then distributed, and does not bind the court when another account in the same estate comes before it for adjudication. The rule of law we here apply was without application there. In that case there was no question of fact in issue, no controversy whatever between the parties interested in the proceeding on the first account filed, and, therefore, no adjudication of any matter of fact the establishment of which was essential to recovery in the proceeding on the second account. In that case a gift under the will was "to my brothers and sisters share and share alike." One of the sisters was dead at the date of the will. Acting in the belief that the statute of May 6, 1844, P. L. 564, saved the share of this sister from lapsing, the Orphans' Court, in the distribution on the first account, awarded the share to the child of the deceased sister. In the second distribution the question was raised for the first time as to the right of this child to take. On appeal it was held that the Act of 1844 did not apply to the case of one of a class of legatees whose interest did not vest until the death of the testator. Under this ruling the mistake of law in the first proceeding was not permitted to operate in the second. In the present case the only question before the court was not one of law but purely of fact, and upon the truth with respect to it the whole case depended. The finding of the court was quite as conclusive as a verdict of a jury would have been. It will hardly be contended that had it been submitted to a jury on an issue framed, the same question there decided could afterwards have been inquired into. As well might the personal identity of one claiming as legatee, once settled in a judicial proceeding where it was the sole question in issue, be made the subject of a second contest.

The doctrine of res judicata here applies, and the end of the controversy was reached as to the matter inquired into on the adjudication of the second account, when, in the adjudication on the first account, it was definitely determined that there was no collusion between the testatrix and appellant to defeat the operation of the statute. The assignments of error directed to this feature of the case are sustained, the decree is reversed, and the record is remitted for distribution to be made in accordance with the views here expressed. The costs of the appeal to be paid out of the fund for distribution.