## Penrose's Estate.

*Wills—Devises—Rule against perpetuities.*

A testator bequeathed real and personal property in trust for the benefit of a son for his life and upon his death "unto the lawful issue of my said son......, share and share alike, to be paid to them respectively upon their arriving at the age of twenty-one years, the same to be put out at interest......and the interest accruing therefrom to be applied to their maintenance and education respectively until their arrival at the age of twenty-one years, and in case either of said issue should die before arriving at the age of twenty-one years without issue, I give and bequeath the share of the one or ones so dying unto the survivor or survivors thereof, and if all the lawful issue of my son should die without issue, before arriving at the age of twenty-one years" then over to a charitable use. *Held,* that the gift over to the charitable use violated the rule against perpetuities and was void.

Argued Feb. 5, 1917. Appeal, No. 335, Jan. T., 1915, by Alfred Moore and David N. Fell, Jr., Executors of the Will of Evan R. Penrose, deceased, from decree of O. C. Bucks Co., No. 10274, sustaining exceptions to report of

auditor, in Estate of Pauline R. Penrose, deceased. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ.    Reversed.

Exceptions to report of Wesley Bunting, Esq., auditor. The court sustained the exceptions.

On appeal by the executors of the will of Evan R. Penrose, deceased, the Supreme Court remanded the case to the Orphans' Court by an order which appears in the opinion of the Supreme Court.

Thereafter RYAN, P. J., filed the following opinion:

It appears by the order of the Supreme Court remanding this case to this court that the question whether the remainder created by the decedent's will in favor of the Richland Monthly Meeting of Friends offends the rule against perpetuities was raised and argued before that court.    It had not been considered by this court or its auditor, for the reason that it had not been raised either here or before him.    The learned auditor found that the rule in Shelley's Case applied to the devise and that therefore an absolute estate vested in Evan R. Penrose, the first taker.    This court did not agree with him in his conclusion, but held that the said Evan R. Penrose took but an equitable estate, the testatrix having created an active trust to preserve the remainders given in the alternative in her will.    This conclusion was not contested upon the appeal.

The question now presented to us for determination is this, Is the gift over to the Richland Monthly Meeting of Friends void for remoteness?    The testatrix left a fund including both real estate and personal property to a trustee in trust for her son, the said Evan R. Penrose, for life, providing further in her will as follows:

".......And from and immediately after the decease of my said son I give and devise and bequeath the said ground rent and monies unto the lawful issue of my said son Evan R. Penrose share and share alike to be paid to them respectively upon their arriving at the age of

twenty-one years the same to be put out at interest by the above named trustee and the interest accruing therefrom to be applied to their maintenance and education respectively until their arrival at the age of twenty-one years and in case either of said issue should die before arriving at the age of twenty-one years without issue I give and bequeath the share of the one or ones so dying unto the survivor or survivors thereof. And if all the lawful issue of my son should die without issue before arriving at the age of twenty-one years then I give, devise and bequeath the said ground rent and monies unto Richland Monthly Meeting of Friends (at the said Borough of Quakertown) the interest accruing therefrom to be applied from time to time in accordance with the direction of said Monthly Meeting."

The interest given to the Richland Monthly Meeting of Friends is clearly a contingent remainder. It is limited to take effect upon the "dubious and uncertain event" of the line of Evan R. Penrose becoming extinct. It does not vest in the event of his issue failing to reach the age of twenty-one. The testatrix has prescribed the additional condition that his issue must die before that age without issue. It cannot therefore be said that under the provisions of this will the interest of the monthly meeting must vest not later than twenty-one years after a life in being at the creation of the interest. The rule is thus stated in Gray on Perpetuities, Sec. 201: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." In Coggins' App., 124 Pa. 10, PAXSON, C. J., declared (p. 30):

"It is a conceded principle that the future interest must vest within a life or lives in being and twenty-one years. It is not sufficient that it may vest. It must vest within that time or the gift is void, void in its creation. Its validity is to be tested by possible, not by actual events. And if the gift is to a class and it is void as to any of the class, it is void as to all. Authority is

scarcely needed for so familiar a proposition. It is sufficient to refer to Leake et al. v. Robinson et al., 2 Mer. 363; Porter v. Fox, 6 Sim. 485; Blagrove v. Hancock, 16 Sim. 371; Dodd v. Wake, 8 Sim. 615; Newman v. Newman, 10 Sim. 51; Vawdry v. Geddes, 1 Russ. & M. 203; Williams on Real Property, 305; 1 Perry on Trusts, Sec. 381; Lewis on Perpetuities, 456; Hillyard v. Miller, 10 Pa. 326; Smith's App., 88 Pa. 492."

Under the language employed by the testatrix, can it be said that the interest given to the monthly meeting must vest within the limit of time fixed by the rule? Had Evan R. Penrose died leaving a son who lived to be twenty and then died leaving a son who died at twenty, the vesting of the interest given to the monthly meeting would have been postponed beyond the period of twenty-one years following the death of Evan R. Penrose. That this did not happen is immaterial. That it could have happened and postponed the vesting of the interest given by the will to the monthly meeting beyond the limit of time fixed by the rule against perpetuities is fatal to the gift in remainder. Even if we accept the contention of the appellee that "issue" as used by the testatrix means "children," we encounter the same difficulty in trying to escape the operation of the rule. We then find the testatrix providing a possible postponement of the vesting of the remainder in the monthly meeting until after the death of possible great-grandchildren under the age of twenty-one. We find in this will no such case of doubt as must be resolved in favor of the vesting of the remainder. We conclude that this will provides a gift over on an indefinite failure of issue. "In Pennsylvania a gift over on failure of issue when the failure must take place within the periods prescribed by the rule is good, while a gift over on indefinite failure of issue is bad. The rule is the same, whether the subject-matter of the gift is real estate or personal property": Foulke on Rules Against Perpetuities, Etc., page 196.

We have reached the conclusion that the gift over to

the Richland Monthly Meeting of Friends was void in
its creation and that as to that interest the testatrix died
intestate.    The fund should therefore be distributed to
the executors of Evan R. Penrose, deceased.    The decree
of this court of August 2, 1915, directing the auditor to
make distribution to the Richland Monthly Meeting of
Friends should be reversed and the original schedule of
distribution reported by the auditor reinstated.    As the
appeal is still pending in the Supreme Court this court
is without power to enter a decree in accordance with the
foregoing conclusions.    This opinion is respectfully sub-
mitted in conformity with the order of the Supreme
Court.

The court dismissed exceptions to the second report of
the auditor.

*Errors assigned* were in sustaining the exceptions to
the auditor's first report.

*Henry Spalding,* with him *Arthur M. Eastburn,* for
appellants.

*Thomas Ross,* with him *George Ross,* for appellee.

PER CURIAM, March 19, 1917:

After argument of this appeal, at the January Term,
1916, the following order was made: "And now, Febru-
ary 11, 1916, it appearing that neither the auditor nor
the Orphans' Court has considered or determined a con-
trolling question whether the remainder offends the rule
against perpetuities which has been argued here, the case
is remanded to the Orphans' Court that the parties may
be heard and the question may be determined.    After the
opinion has been filed by the court below, either party
may move this court to advance the cause on the argu-
ment list."    The record was accordingly returned to the
court below, which referred the question involved to the
auditor, who filed an opinion, holding that the remainder

offended the rule against perpetuities and was void. Exceptions to his report were dismissed by the court, the conclusion of its opinion being as follows: "We have reached the conclusion that the gift over to the Richland Monthly Meeting of Friends was void in its creation and that as to that interest the testatrix died intestate. The fund should therefore be distributed to the executors of Evan R. Penrose, deceased. The decree of this court of August 2, 1915, directing the auditor to make distribution to the Richland Monthly Meeting of Friends should be reversed and the original schedule of distribution reported by the auditor reinstated. As the appeal is still pending in the Supreme Court this court is without power to enter a decree in accordance with the foregoing conclusions. This opinion is respectfully submitted in conformity with the order of the Supreme Court." The conclusion of the auditor, concurred in . by the learned court below, that the gift over to the Richland Monthly Meeting of Friends is void as offending the rule against perpetuities, is clearly correct, and the decree appealed from is now reversed and the report of the auditor, filed September 11, 1913, is absolutely confirmed.

Appeal sustained at appellee's costs.