## McCafferty's Estate.

*Wills—Devise—Perpetuities—Remainders—Equitable estate — Trust for thirty years—Intent of testator.*

Testator left his residuary estate to his executors and trustees to divide the net income and profits quarterly between his widow and children, or issue of deceased children. At the expiration of thirty years the executors and trustees were directed to sell the real estate and divide the entire property of the testator then in their hands "equally among all my children and my said wife, if she be then living, and in the event of the death of any of my children before the expiration of the said thirty years, then the issue of any deceased child or children to take what his, her or their parent would have taken if so living at the expiration of said thirty years:" *Held,* 1. Since neither the persons to take nor the *quantum* of their interests could be ascertained until the end of thirty years, and since the possibility existed that the only persons to take would not come into existence until after a life or lives in being and twenty-one years, the limitation over was clearly within the rule against perpetuities and void. 2. As the only possible purpose imputable to the testator in creating the equitable estate was to hold his estate together beyond the limit allowed by law, the transgression of the rule against perpetuities as to the remainder made the entire testamentary disposition void. 3. The auditing judge properly directed the distribution of the entire estate among the parties entitled thereto under the intestate laws.

Exceptions to adjudication. O. C. Phila. Co., July T., 1905, No. 295.

*Robert Dechert,* for exceptant; *Joseph L. McAleer,* contra.

THOMPSON, J., June 15, 1922.—The decedent died May 1, 1904, leaving a will probated July 8, 1904. By his will he disposed of his residuary estate as follows:

"Item. I give, devise and bequeath all the rest, residue and remainder of my estate of which I may die seized to my Executors and Trustees hereinafter named, in Trust to hold the same and to collect, receive and have the rents, issues and profits thereof, and after the payment of necessary taxes, claims, repairs, &c., to divide the net income and profits thereof in quarterly payments in equal shares and proportions among all of my said children and my said wife; and in the event of the death of any of my said children, then the issue of any deceased child or children to take what their parents would have taken if living.

"Item. At the expiration of thirty years from the date of my decease, I order and direct my Executors and Trustees or their successors to sell all of my real estate at public or private sale for the best price or prices that can be obtained for the same and to make all necessary deeds therefor, free, clear and discharged from any and all trust and without any liability on the part of the purchaser or purchasers thereof to see to the proper application of the purchase money, and the proceeds arising therefrom as well as any other sum or sums of money remaining in their hands, possession or control belonging to my estate, I direct shall be apportioned and divided equally among all my children and my said wife, if she be then living, and in the event of the death of any of my children before the expiration of the said thirty years, then the issue of any deceased child or children to take what his, her or their parent would have taken if so living at the expiration of said thirty years."

The exceptions filed are on behalf of a minor son of one of testator's living daughters, on the ground of a possible interest in testator's residuary estate, which testator gave to trustees to pay the income to be derived therefrom to his widow and all his children, and in the event of the death of any of his said children, the issue of any deceased child or children to take what their

parents would have taken if living; and at the expiration of thirty years from his death to sell all his real estate; and he directed that the proceeds arising therefrom, as well as any other money in their hands, "be apportioned and divided equally among all my children and my said wife, if she be then living, and in the event of the death of any of my children before the expiration of the said thirty years, then the issue of any deceased child or children to take what his, her or their parent would have taken if so living at the expiration of said thirty years."

The auditing judge held that, as to the interests in remainder, the will transgressed the rule against perpetuities; and that, as the creation of the equitable estates to the wife and children was merely a scheme to keep the estate together beyond the period allowed by the rule, the entire residuary provision was void, and distributed the estate among the parties entitled thereto under the intestate laws.

The exceptions proceed on two grounds: First, that the interests in remainder vested at the time of testator's death, and, therefore, do not come within the rule; and, secondly, that if the remainders are void, the trust must continue to protect the equitable estates which do not infringe the rule.

It would appear that, although the gifts in remainder are implied only from the direction that at the termination of the trust the estate be "apportioned and divided," this in itself alone would not prevent the vesting of the remainder at the death of testator (Marshall's Estate, 262 Pa. 145; Groninger's Estate, 268 Pa. 184, and cases therein cited), but that the remainder is to be considered vested unless a different intention appears from the will, "plainly, manifestly and indisputably:" McCauley's Estate, 257 Pa. 377.

On examining the will we find that the parties who are to take at the expiration of the trust, thirty years after the death of testator, are (1) the widow, if then living; (2) all the children then living, and inferentially—for there is no divestiture of the share of any such child—all the children then dead, without leaving issue; and (3) the issue of any deceased child or children.

Under this language, does it not plainly, manifestly and indisputably appear that what the testator had in mind was that the facts existing at the time of distribution should determine who among his beneficiaries should take? Where the intention of a testator clearly appears, it must be given effect without regard to any rule as to vested and contingent remainders: Mulliken v. Earnshaw, 209 Pa. 226; Rosengarten v. Ashton, 228 Pa. 389. Neither the persons to take nor the *quantum* of their interests could be ascertained until the end of thirty years. And the possibility existed that the only persons to take would not come into existence until after a life or lives in being and twenty-one years.

"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest:" Gray on Perpetuities, § 201. "If an absolute term is taken, and no anterior term for a life in being is referred to, such absolute term cannot be longer than twenty-one years:" Perry on Trusts, 349. "It is a conceded principle that the future interest must vest within a life or lives in being and twenty-one years. It is not sufficient that it may vest. It must vest within that time or the gift is void; void in its creation. Its validity is to be tested by possible and not by actual events:" Coggins's Appeal, 124 Pa. 10; Adams's Estate, 23 Dist. R. 271. As distribution of *corpus* cannot, under the terms of the will, be made until the end of thirty years, and as the persons who may then take may not have come into existence within a life or lives in being at the death of testator

and twenty-one years thereafter, the limitation over is clearly within the rule against perpetuities, and void.

But it is contended that, even if the limitation over be void, the life estates having vested within the rule are good, and the trust must be sustained. While the validity of a life estate or succession of life estates, at the death of the testator, or during a life or lives in being and twenty-one years thereafter, is not affected by reason of ultimate limitations which transgress the rule against perpetuities (Lawrence's Estate, 136 Pa. 354; Goddard's Estate, 198 Pa. 454; Gray on Perpetuities, §§ 274-8), the ultimate limitations only being void (Whitman's Estate, 248 Pa. 285); yet where the main and dominant purpose of a testator is to keep his estate entire beyond the lawful period, and the creation of the particular estates merely a scheme to carry that purpose into effect, the entire testamentary disposition is void: Johnston's Estate, 185 Pa. 179; Gerber's Estate, 196 Pa. 366; Kountz's Estate, 213 Pa. 390; Adams's Estate, 23 Dist. R. 271; Penrose's Estate, 257 Pa. 231. As in Kountz's Estate, we do not have here a case of income and principal to be paid to the same persons in the same right. We do not even have life estates, but estates for thirty years. During the life of the trust there is no divestiture of the equitable estate of the widow at her death, or of the equitable estate of the children who die without issue; both continue during the life of the trust, and the remainder cannot by any possibility take effect before the expiration of thirty years. Where equitable estates for life are given, there are sound and cogent reasons for holding such estates valid, even though the testator may inadvertenly or designedly have transgressed the rule as to the ultimate remainders, just as the preventing of intestacy or disinheriting of heirs is often the controlling consideration in sustaining remainders. But where the equitable estates, not protected by provisions against alienation or improvidence, are to endure for a definite period of time, extending possibly far beyond enjoyment by the beneficiary by reason of death, followed by absolute estates contingent on survival of the period, the only possible purpose that can be imputed to the testator is his desire to hold his estate together beyond the limit allowed by law, and the transgression of the rule against perpetuities as to the remainder makes his entire testamentary disposition void.

The exceptions are dismissed and the adjudication confirmed absolutely.