## Gageby's Estate.

*Wills — Charitable bequest — Contingent gift—Vested estates—Letting in life estate — Perpetuities — Evidence of purposes of charity.*

1. The heirs and next of kin of a decedent cannot successfully attack his testamentary gift to a charity if it is not void for uncertainty and the object of the trust is legally ascertainable.

2. Subject to the exception stated in the foregoing syllabus, a contingent testamentary gift to a charity will be void, if possibly

it may take effect later than twenty-one years after a life or lives in being at the death of a decedent. This rule has no applicability, however, if the gift to the charity is vested.

3. Ordinarily a proposed gift in remainder is contingent if it is not to take effect, as a gift, until after the precedent estates are ended, but it is vested if only the enjoyment is postponed, or the postponement is for the purpose of letting in the possible interest of those given in an intermediate life estate.

4. A testamentary charitable gift will not fail, because a writing, referred to in the will as setting forth the purposes and objects of the proposed charity, has been mislaid; the purposes and objects may be proved by other evidence.

*Wills—Probate—Subscribing witness—Charity—Act of June 7, 1917, P. L. 403.*

5. Section 6 of the Wills Act of June 7, 1917, P. L. 403, 406, does not make a stockholder and officer of a trust company, named as trustee for precedent life estates, an interested attesting witness, regarding a charitable gift in remainder.

6. An attesting witness is not disqualified under section 6 of the Wills Act of June 7, 1917, P. L. 403, 406, unless his interest, at the time of attestation, is in the nature of a direct property right in the testamentary fund given to the charity, or has such an immediate, certain, close and intimate connection with the legacy as leads to the inevitable conclusion that the witness will pecuniarily profit by it.

Argued March 19, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 33, March T., 1928, by Emma F. G. Cocheu, next of kin, from decree of O. C. Cambria Co., File No. 14,701, dismissing exceptions to distribution, in estate of Matilda Fend Gageby, deceased. Affirmed.

Exceptions to distribution. Before REED, P. J.·

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Emma F. G. Cocheu, next of kin, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Robert C. Hoerle,* for appellant.—The bequests to the Jacob Fend Home violates the rule against perpetuities:

Penrose's Est., 257 Pa. 231; Lilley's Est., 272 Pa. 143; Ledwith v. Hurst, 284 Pa. 94; Hillyard v. Miller, 10 Pa. 326; Lamb v. Lamb, 8 Watts 184.

The will is ineffectual to create a trust for the reason that the objects and purposes thereof are not set forth therein, nor have they been properly proven: Havard v. Davis, 2 Binn. 406; Hodgson's Est., 270 Pa. 210; Buchle's Est., 3 Pa. Dist. R. 16; Deave's Est., 140 Pa. 242; Michell v. Low, 213 Pa. 526.

If the proof offered by the executor, of the objects and purposes of the will, is admissible, the bequest is to a charity and therefore void for the reason that the will was not attested by two disinterested witnesses: Baughman's Est., 281 Pa. 23; Palethorpe's Est., 249 Pa. 389.

*A. Lloyd Adams,* with him *George E. Wolfe,* for appellee.—The bequest to the Jacob Fend Home does not violate the rule against perpetuities: Manderson v. Lukens, 23 Pa. 31; Sager v. Galloway, 113 Pa. 500; Johnston's Est., 185 Pa. 179; Siddall's Est., 180 Pa. 127; Schleicher's Est., 201 Pa. 612; Lilley's Est., 272 Pa. 143; Ledwith v. Hurst, 284 Pa. 94; Mulliken v. Earnshaw, 209 Pa. 226; Wood v. Schoen, 216 Pa. 425; Strickler's Est., 250 Pa. 105.

The will is effectual to create the trust therein intended, namely, to pay to appellant and her issue, if any, the income of the residuary estate. After such payment, said residue goes to the Jacob Fend Home. The Jacob Fend Home has been properly and sufficiently identified and proven: Darlington's Est., 289 Pa. 297; Foster's App., 87 Pa. 67; Gardner v. Gardner, 177 Pa. 218; Glockner v. Glockner, 263 Pa. 393.

The will of the testatrix was attested by two disinterested witnesses: Darlington's Est., 289 Pa. 297.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1928:

Appellant, who is the daughter and next of kin of testatrix, appeals from a decree of the Orphans' Court of

Cambria County, awarding decedent's residuary personal estate to the trustee named and for the charitable use declared in the following paragraph of her will: "Second. I give and bequeath in trust to the Johnstown Trust Company of Johnstown, Pennsylvania, all of the remainder of my personal property, consisting of bonds, stocks, cash on hand and in banks, for the following uses and purposes: To pay the income derived therefrom to my beloved daughter, Emma F. G. Cocheu [appellant] for and during the term of her natural life. Should the said Emma F. G. Cocheu die leaving issue, then and in that case, I direct that the income derived [therefrom]......shall be paid to such child or children in equal proportions, or to the survivor of them for and during the term of their natural lives; and at the death of my said daughter, Emma F. G. Cocheu, without issue, or at the death of her surviving child or children, if any, I direct that the personal property herein bequeathed in trust to the Johnstown Trust Company aforesaid, be given to the trustees of the Jacob Fend Home, the purposes and objects of which are fully and specifically set forth in the last joint will and testament of Ettie Fend and Matilda Fend Gageby [decedent], dated April 1, 1918, to be taken and considered by the trustees of the said Jacob Fend Home as a part of the assets of said home."

Appellant's main contention is that the gift to the charity violates the rule against perpetuities, because life estates are given to testatrix's grandchildren, some or all of whom may be born after her death, and survive their mother more than twenty-one years. That they are so given is undoubtedly true; and it is also true, under such circumstances, a contingent charitable gift in remainder, subject to the exception hereinafter noted, is void, because future contingent estates fail, if they are not certain to vest within twenty-one years after a life or lives in being at the death of a decedent and the period of gestation; the test always being the possibility

of such a happening: Coggins's App., 124 Pa. 10; Lilley's Est., 272 Pa. 143. The rule has no applicability, however, where, as here, the gift is vested and not contingent: City of Phila. v. Girard's Heirs, 45 Pa. 9; Johnston's Est., 185 Pa. 179; Edwards's Est., 255 Pa. 358; Lilley's Est., supra. In the present instance, not only was the trustee, who is to take the remainder, given a vested legal estate, but also, since the trust is limited to the life of appellant and her children, if any, all of whom must die at some time or times, the remainder gift to the charity necessarily depended on a certainty and not on a contingency, and hence the equitable estate was also vested: Packer's Est. (No. 2), 246 Pa. 116; McCauley's Est., 257 Pa. 377; Alburger's Est. (No. 2), 274 Pa. 15. It is a matter of no moment that a too literal reading of the will might lead to the conclusion that the charity is actually given the remainder only after the precedent life estates end, for a more careful examination shows that the particular clause of the will being considered only postpones the delivery of possession by the trustee which holds the legal title, and not the actual gift by testatrix; which postponement, is, moreover, for the purpose of letting in the possible interest of the unborn grandchildren, and hence does not operate to defer the vesting: Marshall's Est., 262 Pa. 145, 149; Groninger's Est., 268 Pa. 184. If it be thought that the language now being construed is vague and uncertain in meaning, or even that "a reasonable inference [may be deduced therefrom] that the testator intended a contingent remainder [this will not suffice, since] such intention should appear plainly, manifestly and indisputably," before that conclusion can be reached: Groninger's Est., supra, 188-189; McCauley's Est., supra.

Appellant mistakenly contends that we decided differently on the question of vesting, in Penrose's Est., 257 Pa. 231, and Ledwith v. Hurst, 284 Pa. 94. While the wills there and here are alike in some respects, they

are essentially different on the vital point now being considered, for in neither of them was the remainder estate vested. In Penrose's Est., supra, it depended on the contingency of the grandchildren dying "before arriving at the age of 21 years"; if any of them reached that age the charity took nothing. In Ledwith v. Hurst, supra, the will, as we construed it (page 98), gave the precedent estate not only to the daughter and her "children for life, but also to her descendants without limit, and [only] in the event of their final extinction, [an uncertain fact, did it] create a perpetual trust" for the charities designated.

It is next argued that the charitable gift wholly failed, because, while the will provided that the remainder was "given to the trustees of the Jacob Fend Home, the purposes and object of which are fully and specifically set forth in the last joint will and testament" of testatrix and her sister, no such corporation existed, the joint will referred to was not produced, and "the purposes and object" expressed in it, were not properly proved. To this also we cannot agree. It was clearly shown that there had been, and perhaps there still is, such a will in existence, but that it had been mislaid by the Johnstown Trust Company, to whose custody it had been committed. Its contents were proved by testatrix's surviving sister, the other party to it, by an official of the trust company, in whose care it had been left, and by a joint deed executed by testatrix and her sister, which declared the same trusts, and had attached to it the draft of an application for a charter for "The Jacob Fend Home," setting forth at length the purposes and objects of the charity. Unless, therefore, we should hold, as we certainly cannot do, that the trust company's mislaying of the joint will must result in wholly defeating the present testamentary disposition, we could not sustain the present contention. It being clear, therefore, that the charitable bequest is not void for uncertainty, and that the object of the trust is legally ascertainable, the gift will be sustained as against any attack

by appellant, who claims the estate as next of kin only: Hunter's Est., 279 Pa. 349; Kortright's Est. (No. 2), 237 Pa. 143.

The final question presented for our consideration is whether or not the requirement of section 6 of the Wills Act of June 7, 1917, P. L. 403, 406, has been complied with, in so far as it provides that a will, in order to be valid as respects a charitable gift contained in it, must be "attested by two credible, and, at the time, disinterested witnesses." It appeared that one of the two attesting witnesses was a stockholder, treasurer and trust officer of the Johnstown Trust Company, the trustee named in the will for the life estates which preceded the charitable gift in remainder. Admittedly this alone would be a matter of no importance: Baughman's Est., 281 Pa. 23. It is alleged, however, that the trust company is more than a mere trustee of the life estates, because the draft of the proposed charter of the Jacob Fend Home provides that three of the five primary directors of the charity "shall be reputable business men, and officers and directors of the Johnstown Trust Company, and the other two chosen by these three." It is not probable that this clause will be construed as appellant claims, namely that each of these three first directors must be reputable business men who are also directors and officers of the trust company. A better interpretation would seem to be that they must be chosen from a class consisting of "reputable business men and officers and directors" of the company. Even though we were to conclude otherwise, however, appellant would not be helped. In addition to the foregoing quotation, section 6 of the Wills Act, supra, further provides that "a disinterested witness, within the meaning of this section, is a witness not interested in such religious or charitable use." The witness here objected to may never become a director in the charity, he certainly was not "at the time" of attestation, for the charity was not then incorporated. Nor is he interested in his capacity as a

stockholder and officer of the trust company, for the obvious reason that "at the time" of his attestation it was not an interested party. The fact that three of its officers and directors may, in the future, become directors of the charity, cannot give to it a present legal interest, even if it be imagined that it may then have some kind of an interest. Moreover, the interest, whether of the subscribing witness or of the trustee, if it is to effect the present question, must be in the "nature of a direct property right in the testamentary fund, or [have] such an immediate, certain, close and intimate connection with the legacy as leads to the inevitable conclusion that the witness [or the trustee] will pecuniarily profit by the legacy......[which connection must have existed] at the time of the execution and attestation of the will": Channon's Est., 266 Pa. 417, 424; Darlington's Est., 289 Pa. 297. No such interest appears in this case. Certainly that asserted here falls far short of being of such a character.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.