## Crozer's Estate.

Argued January 15, 1941.   Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*Edward A. Collins, Jr.,* with him *Wm. Barclay Lex* and *Geary & Rankin,* for appellant.

*James A. Cochrane,* for appellees.

Opinion by Mr. Justice Linn, January 31, 1941:

After the decision in *Crozer's Estate,* 337 Pa. 327, 10 A. 2d 429, next of kin filed this petition for the termination of the trust and for distribution to petitioners

on the theory that the award to the trustees, finally confirmed March 31, 1921, was erroneously made and that, in consequence of the alleged error, next of kin are now entitled to receive the property. We held on the former appeal, to which reference may be made for the facts, that review of the adjudication of 1921 was barred by section 48 of the Fiduciaries' Act of 1917, P. L. 447, 20 PS § 843.

Petitioners now renew their contention that a subscribing witness to the will was not disinterested,[1] that the trust was therefore void, and that the objection may now be made notwithstanding the award of the fund to the trustees in 1921 for the purposes of carrying out the trust. On the other hand, the trustees contend that the witness was disinterested[2] and that, while they would have been able in 1921 to show the fact, the point is not now open to reëxamination.

The rule in our cases is that the time to challenge the validity of a charitable bequest is on the distribution of the estate: *Hickman's Estate,* 308 Pa. 230, and cases cited, p. 236. This distribution occurred in 1921. The case now stands as if, at the time of the proposed distribution in 1921, the validity of the trust had been unsuccessfully challenged on the ground now urged: compare *Bower's Estate,* 240 Pa. 388, 87 A. 711; *Havir's Estate,* 283 Pa. 292, 129 A. 101; *Pyles v. Bosler,* 313 Pa. 548, 551, 170 A. 897. In appellant's brief it is said: "The present petition of the next of kin prays for the termination of the colorable trust created by the above award on the ground that the Substituted Trustees cannot use the fund *cy pres* because, under section 6 of the Wills Act, *there never was a valid charita-*

---

[1] Referring to *Stinson's Estate,* 232 Pa. 218, 81 A. 207; *Arnold's Estate,* 249 Pa. 348, 94 A. 1076; *Palethorp's Estate,* 249 Pa. 389, 94 A. 1060.

[2] Referring to *Kessler's Estate,* 221 Pa. 314, 70 A. 770; *Channon's Estate,* 266 Pa. 417, 109 A. 756; *Baughman's Estate,* 281 Pa. 23, 126 A. 58; *Gageby's Estate,* 293 Pa. 109, 141 A. 842.

*ble bequest.*" The statement that "there never was a valid charitable bequest" must be rejected as contrary to the legal effect required by the doctrine of res adjudicata to be given to the record. The consequence is that the next of kin have no interest which would support their petition: see *Wilkey's Estate,* 337 Pa. 129, at pp. 134, 135, 10 A. 2d 425, a case referred to in disposing of the former appeal.

Decree affirmed at appellant's costs.