ESTATE OF WILLIAM A. CAREY, DECEASED, THE MARINE NATIONAL BANK OF ERIE, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7882.  Promulgated September 25, 1946.

*Samuel Y. Rossiter, Esq.*, for the petitioner.
*Stanley L. Drexler, Esq.*, for the respondent.

**OPINION.**

HARRON, *Judge*: The question is whether amounts paid to charities by the executor of the estate of William A. Carey were bequests under his will and, therefore, deductible from the gross estate under section 812 (d) of the Internal Revenue Code.[1]  It is agreed that the bequests were charitable under section 812 (d).  Therefore, to warrant the deduction under this section, it is necessary only that the charities took the gifts by bequest, legacy, devise, or transfer from the decedent.

William A. Carey devised and bequeathed sums to an individual and to charitable organizations, and left the residue of his estate to four cousins who were his only heirs at law.  He died within 30 days after the execution of his will.  This circumstance rendered the be-

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

    *          .*          *          *          *          *          *

(d) TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.—The amount of all bequests, legacies, devises, or transfers, * * * to or for use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes  *  *  *

quests to charities subject to being defeated [2] by the residuary legatees, but did not render the will invalid. *Carson's Estate*, 241 Pa. 117. The residuary legatees, the heirs of the decedent, filed consents dated November 18, 1942, (which was 5 days after the death of the decedent) to the payment of the charitable bequests by the executor under the will in accordance with its terms. The will, being valid, was admitted to probate. When the time came for the adjudication of the executor's accounts and the approval of the distributions under the will by the Orphans' Court of Erie County, no question was raised by those who had a right to object regarding the validity of the bequests in the will to the charities. The Orphans' Court in its decree of distribution approved the will in its entirety, and the executor made all of the distributions according to the terms of the will. Thus, the bequests to the charities did not fall into the residuary estate, and the executor distributed to the residuary legatees the residue after making distributions of the charitable bequests according to the will.

Respondent contends in this proceeding, as he has done in many others, that the charities took from others than the decedent because of the limitation in the state statute upon charitable bequests. Upon this postulate he contends that there were no charitable bequests within section 812 (d), and that the claim of the executor of the estate for deductions under that section should be denied.

The general question has been considered several times, and in each case a state statute similar to the Pennsylvania statute involved here has been the source of the respondent's contention. See *Estate of Dudley S. Blossom*, 45 B. T. A. 691 (involving an Ohio statute) ; *First National Bank of Atlanta*, 36 B. T. A. 491; affd., 102 Fed. (2d) 129 (involving a Georgia statute) ; *Dimock* v. *Corwin*, 99 Fed. (2d) 799; and *Humphrey* v. *Millard*, 79 Fed. (2d) 107 (both cases involving a New York statute).[3] The question presented arises under the Federal estate tax statutes, but a particular type of state statute, limiting charitable bequests and found in the statutes of seven states, creates a special question for the executors of estates of citizens who die domiciled in those seven states. Thus it is evident that the decision of the particular question has wide application even though it is a special question. In

---

[2] Purdon's Pennsylvania Statutes Annotated, title 20:

"Section 195. *Charitable bequests or devises: requisites.*

"No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will at least thirty days before the decease of the testator, which period shall be so computed as to exclude the first and to include the last day thereof; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law. As amended, 1935, July 2, P. L. 573, section 1; 1939, May 16, P. L. 141, section 1."

[3] See Page on Wills, sec. 40, where it is said: "In many states it is provided by statute that a testator cannot devise or bequeath property to a charitable corporation or charitable use unless by a will which is executed a specific time before the death of the testator." Such states are California, Georgia, Illinois, Montana, New York, Ohio, and Pennsylvania.

such instance some consideration should be given to the principle that the revenue acts are to be interpreted, in the absence of language evidencing a different purpose, "so as to give a uniform application to a nation-wide scheme of taxation." *Burnet* v. *Harmel*, 287 U. S. 103, 110. Unless there is a real difference in the Pennsylvania statute from the corresponding statutes of Georgia, Ohio, and New York, which were considered in the above cited cases, and we do not perceive any substantial differences, the result reached in this case should be the same as in the cited cases, because the facts in this case are much the same as the facts in the cited cases, and, in our opinion, the factual differences are immaterial. *Lyeth* v. *Hoey*, 305 U. S. 188.

The question is whether the distributions to charities were made by petitioner under the decedent's will. After careful consideration and examination of decisions of Pennsylvania courts, we conclude that the distributions were made under the decedent's will under an adjudication of the court which had jurisdiction over the administration and construction of the will. The estate of the decedent was before the Orphans' Court for distribution *under the will*. The decree in distribution was "a quasi-proceeding *in rem*," binding upon the whole world, especially binding those who were actual parties, and settling all matters raised and matters which might have been raised. The decree of the court settled the question of the right of the charitable organizations to take the bequests *under the will*. *Channon's Estate*, 28 Pa. Dist. 479, 481; affd., 266 Pa. 417; *Crozer Estate*, 341 Pa. 75; 18 Atl. 323. See *Humphrey* v. *Millard, supra; Dimock* v. *Corwin, supra*.

The Pennsylvania courts have said frequently that the time to question the validity of bequests to charities is on distribution. *Carson's Estate, supra*. When the estate of William A. Carey came before the Orphans' Court for distribution, there were on file the consents, or waivers, of the heirs, the residuary legatees, to distributions to charities under the will, and no question of the validity of the bequests was raised. The Orphans' Court said, in effect, in its decree that the consents which had been filed relieved the provisions in the will relating to the charitable bequests from being ineffective on account of the time at which the decedent died. The matter of the invalidity of the bequests was waived. The Orphans' Court awarded by its decree the bequests made in the will to the charitable organizations. Such decree is recognized by Pennsylvania courts as constituting an adjudication that the charitable bequests conformed to the law. *Channon's Estate*, 28 Pa. Dist. 479, 482. This brings this case within the principle enunciated in *First National Bank of Atlanta, supra; Dimock* v. *Corwin, supra;* and *Estate of Dudley S. Blossom, supra*.

The sums paid to the charitable organizations did not pass to the residuary legatees, but passed under William A. Carey's will, and therefore the distributions fall within section 812(d), and are deductible in computing the amount of the net estate. It is held that respondent erred in disallowing the deductions.

*Decision will be entered under Rule 50.*