# Carson's Estate.

*Wills—Probate—Duties of register—Gifts to charities—Attesting witnesses.*

1. Though a religious or charitable bequest or devise forming part of a will may be void by reason of the failure of the testator to execute it in the manner required by the statute, the whole will must be admitted to probate upon proof of its execution, leaving all questions concerning the validity of the charitable or religious bequest to be determined on distribution of the estate.

2. The probate of a will without regard to its provisions is one thing; distribution of the estate of the testator in accordance with the terms is another. The former is for the register; the latter is none of his concern. Distribution is for the court alone, and, on distribution, and not before, is the validity of the provisions of the will to be passed upon.

Argued February 3, 1913. Appeals, Nos. 276, 277, 278, 279, 280, 281, 282, 283 and 284, Jan. T., 1912, by George S. Carson, Frank C. Carson, Henry H. Carson, Robert N. Carson, Thomas B. Carson, Katharine V. Dorey, Helen L. Birch, Nethermark Downey, Helen A. Downey (now Lees), respectively, individually, and No. 192, Jan. T., 1912, by the same persons jointly, from decree of O. C. Montgomery Co., July T., 1910, No. 32, in Estate of Robert N. Carson, deceased. Before BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from the decision of the register of wills admitting a will to probate. Before SOLLY, P. J.

The opinion of the Supreme Court states the case.

The appellants were heirs at law of the decedent. An appeal having been taken from the decision of the register of wills, admitting the will and codicils in question, testimony was taken and a decree was rendered refusing to set aside the probate of the will or any part thereof. From this decree the appeals were taken.

*Error assigned,* in each case, among others, was in dismissing the appeal and refusing an issue.

*M. J. Wade,* of *Wade, Dutcher & Davis,* with him *Ely & Bush, William R. Brinton, Irvin P. Knipe* and *Irving P. Wanger,* for appellants.—Where a will contains valid bequests and also contains a bequest for charity, which is void because the will has not been properly executed, the validity of the charitable bequest may be determined upon appeal from probate of the will: Stout v. Young, 217 Pa. 427; Hegarty's App., 75 Pa. 503; Wilson v. Gaston, 92 Pa. 207; Cochran v. Young, 104 Pa. 333; McCay v. Clayton, 119 Pa. 133; Allen v. McPherson, 1 H. L. Cas. 191; Lake v. Warner, 34 Conn. 483; Morris v. Stokes, 21 Ga. 552; Deane v. Littlefield, 18 Mass. 239; Laughton v. Atkins, 18 Mass. 535; Holman v. Perry, 45 Mass. 492; Shaw v. Camp, 163 Ill. 144 (45 N. E. Repr. 211); Hays v. Earnest, 32 Fla. 18 (13 So. Repr. 451); Heath v. Withington, 60 Mass. 497; Palmer v. Bradley, 142 Fed. Repr. 193; Wolfe v. Bollinger, 62 Ill. 368; Stearns v. Brown, 18 Mass. 530.

*John C. Bell,* with him *Neville D. Tyson* and *Paxson Deeter,* for appellees.—The court in this proceeding has not jurisdiction to determine whether the witnesses to the will were disinterested within the meaning of the Act of 1855: Evans's Est., 12 Pa. D. R. 694; Taylor's Est., 16 Philadelphia 274; Phillips's Est., 1 Pa. D. R. 311; Hegarty's App., 75 Pa. 503; Broe v. Broe, 108 Pa. 76; Owens v. Haines, 199 Pa. 137; Stout v. Young, 217 Pa. 427.

OPINION BY MR. JUSTICE BROWN, May 19, 1913:

Robert N. Carson died October 15, 1907, leaving a widow, Isabel Frances Carson, but no issue. By his will, executed April 28, 1903, to which he added three codicils, he directed that, upon the death of his wife, his large residuary estate should be devoted to the

establishment and maintenance of a charity to be known as "The Carson College for Orphan Girls." The principal of his residuary estate, together with the unexpended accumulations thereof, is to be held in trust by his executors—his widow and the Real Estate Title Insurance and Trust Company of Philadelphia—during the lifetime of the former, and upon her death the charity is to start. Minute directions are given by the testator as to the management of the school, but neither these nor many other provisions in his will need be recited in passing upon the question raised on this appeal.

The execution of the will of the testator was attested by Jos. L. Caven, Thomas W. Jopson, Emil Rosenberger and Wm. B. Abbey. The last three were the subscribing witnesses to the codicils. At the time the will was executed Caven was a shareholder and president of the Real Estate Title Insurance and Trust Company; Rosenberger was a shareholder and second vice-president; Jopson was assistant trust officer, but not a shareholder; Abbey was title officer, but not a shareholder. After the execution of the will and first and second codicils Jopson became the owner of four shares of the company's stock. As compensation for its services as executor the testator directed that the trust company should receive $5,000 per annum during the lifetime of his widow, and from and after her death the sum of $10,000 per annum during the continuance of the trust. On August 5, 1910, these appellants appealed from the decree of the register admitting the will to probate, the ground of their appeal being that its execution had not been attested by two credible and, at the time, disinterested witnesses. Four days later they presented a petition to the court below, asking for an issue to determine whether the execution of the will had been obtained by undue influence; and a further prayer was for the setting aside of the probate and the revocation of the letters testamentary, for the reason that the will had

not been executed in accordance with the requirements of the Act of April 26, 1855, P. L. 528. The attempt to prove undue influence utterly failed, and the remaining question—whether the register should have refused probate of the will, for the reason stated—was one of pure law for the court. The will was admitted to probate without caveat or objection, and the court below held that the register had no authority to refuse probate of it, even if it did contain a charitable bequest which was void, because its execution had not been attested as required by the statute. In so holding, the learned president judge said: "I am of the opinion, therefore, that a register of wills has no authority to refuse the probate of the clause or clauses of a will bequeathing and devising a part of an estate for a charitable use, and to admit to probate the remaining clauses, such will being attested by subscribing witnesses, but that he must, under our laws and statutes, admit the whole will to probate. I am also of opinion that upon appeal the Orphans' Court is without jurisdiction to declare part of a will void, and part of a will valid. The validity of the charitable bequest is to be determined by that court on distribution." The question now before us is as to the correctness of this conclusion, that, though a religious or charitable bequest or devise forming part of a will may be void by reason of the failure of the testator to execute it in the manner required by the statute, the whole will must be admitted to probate upon proof of its execution, leaving all questions concerning the validity of the religious or charitable bequest to be determined on distribution of the estate. Whatever may have been held in other jurisdictions in support of the contention of the appellants, that a will like the one before us may be admitted to probate in part and rejected in part, is not for our consideration. What we are to determine is whether, under the law of this State, the court erred in sustaining the decree of the register in admitting the will of Robert N. Carson to probate.

A will which contains, among other provisions, one for a religious or charitable use is not void, under the Act of 1855, if it is not attested as that act requires; it is only the religious or charitable bequest or devise that fails. The will is, in all other respects, a valid disposition of the testator's estate, entitled to probate by the register upon proper proof of its execution. "But though a writing propounded as a will may contain one or more dispositions of property unlawful or void for any reason, it by no means follows that it is not to be admitted to probate. It may contain other very useful provisions not at all affected by the cause of the alleged invalidity: Coates v. Hughes, 3 Binn. 498": Baxter's 'App., 1 Brewster 451. The probate of a will without regard to its provisions is one thing; distribution of the estate of the testator in accordance with its terms is another. The former is for the register; the latter is none of his concern. Distribution is for the court alone, and, on distribution, and not before, is the validity of the provisions of a will to be passed upon. It may safely be said that no more competent or learned judge in this State ever passed upon questions relating to the distribution of decedents' estates than the late Judge PENROSE, of the Orphans' Court of Philadelphia County, and what he considerately decided has always carried with it the weight of high authority. We quote with approval what he said in two cases upon the question now before us: "Nor does the act (of 1855) forbid probate even where there are no attesting witnesses. The will is perfectly good so far as the appointment of an executor is concerned, or for any other purpose except the attempted charitable gift; see Hupfeld's Est., 5 Philadelphia 219": Taylor's Est., 16 Philadelphia 274. "Whether the dispositions contained in a will, where the testamentary capacity of the testator is unimpeached, are valid or not, are questions with which the register of wills has no concern, if the will, itself, has been proved in the manner permitted by law; and the order

admitting it to probate can have no effect, therefore, upon the subsequent consideration of the questions when the estate comes before the court for distribution. This is very clear where the ground of invalidity is the creation of a perpetuity, or an accumulation contrary to the act of assembly, and, as we think, no less clear where a gift to a charity is attacked because the will was not executed a calendar month before the testator's death, or was not attested by two credible witnesses, or that the witnesses were not, at the time of such execution, disinterested. Such facts have no bearing upon the question of probate, which may be, and frequently is, demanded simply upon proof by two witnesses of the signature of the testator. The precise point was involved in the decision of the recent case of Irvine's Est., 206 Pa. 1": Evans's Est., 12 Pa. D. R. 694.

It is true that in Rudy v. Ulrich, 69 Pa. 177, Mr. Justice SHARSWOOD said: "A will propounded for probate may be contested in whole or in part," but three years later that same learned jurist, in delivering the opinion of this court in Hegarty's App., 75 Pa., 503, said that expression by him was a mere dictum, and he proceeded to say, inter alia: "We may assume that where the contest is, whether a particular clause really forms a part of the will of the testator, as in the case of a fraudulent insertion or introduction, a legacy procured by duress or undue influence, which are instances falling strictly within the issue devisavit vel non, it is in the power of the register to grant probate of the rest of the paper without such clause as forming in truth no part of the will. But it certainly does not follow from this that his jurisdiction extends to deciding upon the validity of any disposition upon any other ground, than that it is not in truth the voluntary act of the testator, even though such validity may depend upon some extraneous matter of fact. In Baxter's Appeal, 1 Brewster 451, 460, it was said, in the opinion of this court, that 'though a writing propounded as a will may contain one or more disposi-

tions of property unlawful or void for any reason, it by no means follows that it is not to be admitted to probate. It may contain other useful provisions not at all affected by the cause of the alleged invalidity.'......

Professional opinion sustains the view that the jurisdiction of the register in the probate of wills is confined to the question, whether the paper has been properly executed according to law, and is in point of fact the will of the alleged testator, leaving all other questions to subsequent decision if they should afterwards arise. We consider this doctrine as most in accordance with general principles, as well as the provisions of our statutory system." This was followed by Bree v. Boyle, 108 Pa. 76, in which we said: "It is true the register's jurisdiction in the probate of wills is confined to the question whether the paper has been legally executed as the will of the testator. It does not determine his title to the property, nor his power to devise or bequeath the same at the time, nor in the manner indicated by the will. Hence it was held, in Hegarty's Appeal, 25 P. F. Smith 503, in case of the devise for a religious use, and the testator died within a month after the date of the will, the heirs at law of the testator were not concluded by the Act of 1856, from claiming the property thus devised, although no caveat nor action at law was entered within five years after the probate of the will. The probate does not give additional power to do an act which the testator was not authorized to perform, but makes conclusive such a disposition of his property as he was authorized to devise, and did devise, according to the forms of law." The latest case upon the question before us is Stout v. Young, 217 Pa. 427, in which, in a per curiam filed by the present chief justice, we held: "The probate is of course conclusive only as to matters within the jurisdiction of the register and not as to the effect of testamentary provisions which depend on matters dehors the record, as the validity of a gift to charities: Hegarty's Appeal, 75 Pa. 503."

We need add nothing further to the foregoing citations from our own cases, clearly indicating that the register could not have denied probate of the testator's will, even if, so far as the charitable bequest is concerned, it had not been executed in accordance with the requirements of the statute. Whether the assailed charity is void, because the will had not been so executed, is a question to be determined on distribution, and an opportunity will be given these appellants to raise it and have it passed upon on the adjudication of the second account. The court below can then be asked to determine whether the directions of the testator as to his residuary estate are to be carried out during the life of his widow. There is no reason why the question of the validity of the charity should be postponed until after her death. If it is void, it was void from the time of the testator's death, and, if so, what was intended for it will go, not as his will has directed, but where the Act of 1855 declares it shall go.

Appeals dismissed at appellants' costs.