## Slater, Appellant, *v.* Moyer.

*Ejectment—Wills—Executor—Life estate—Devise to charity— Interested witnesses—Void devise—Act of April 26, 1855, P. L. 328.*

1. A will containing, among other provisions, a gift for religious or charitable uses, is not void under the Act of April 26, 1855, P. L. 328, if it is not attested as that act requires; it is only the religious or charitable bequest or devise that fails.

2. A testator devised his entire estate to his executor in trust for the purpose of (1) paying his debts and funeral expenses; (2) paying to each of his two children $5; (3) paying to his widow as long as she remained unmarried an annuity of $1,500, out of the net income of his estate; (4) erecting a church window as a memorial to his father and mother; (5) establishing with his unsold real estate and any accumulated income a certain charity upon the death or remarriage of his widow. The widow elected to take under the will, but the two children renounced the bequest given them and brought ejectment to recover possession of all the real estate of which the father had died seized, some portions of which were in the possession of his executor and others in that of tenants under leases from him or his executor, on the ground that his will estab-

lishing a charity, was not attested by two disinterested witnesses, that the will therefore failed and he died intestate, and that they were entitled as his heirs. *Held,* that a nonsuit was properly entered.

3. In such a case where an action of ejectment was brought against the executor during the lifetime of the widow, and the plaintiffs offered in evidence the will of their father, the court should have granted a nonsuit on the ground that they themselves had shown title or right of possession in the defendants.

Argued March 3, 1914. Appeal, No. 55, Jan. T., 1914, by plaintiffs, from judgment of C. P. Schuylkill Co., May T., 1913, No. 19, refusing to take off compulsory nonsuit in case of George W. Slater and Bessie Slater Allen v. Joseph W. Moyer, sole Executor under the Last Will and Testament of Henry P. Slater, Deceased; Joseph W. Moyer, Trustee under and by virtue of the Last Will and Testament of Henry P. Slater, Deceased; and Edward Phipps; S. Raubfogle; Julius H. Spicker, Morris H. Spicker, Simon Spicker and Solomon Spicker, trading as Spicker Brothers; Thomas F. Welsh, Frank E. Hasenauer, Carlotta Smidley and Frank Quinn. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Ejectment. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit and subsequently refused to strike it off. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*George M. Roads,* with him *Carl H. Wagner,* for appellants.

*John G. Johnson,* with him *Daniel W. Kaercher* and *Enterline & Enterline,* for appellees.

OPINION BY MR. JUSTICE BROWN, April 13, 1914:

Henry P. Slater died testate December 23, 1912, leav-

ing to survive him a widow and two children by a former marriage, to each of whom he left but $5. By his will, executed March 6, 1911, and admitted to probate December 30, 1912, he gave his entire estate to Joseph W. Moyer, his executor, in trust for the purpose of (1) paying his debts and funeral expenses; (2) paying to each of his two children $5; (3) paying to his widow, as long as she remained unmarried, an annuity of $1,500 out of the net income of his estate, consisting chiefly of real property, some of which was needed to pay his debts; (4) erecting a church window as a memorial to his father and mother; (5) establishing with his unsold real estate and any accumulated income a charity, to be called the "Anna S. Slater Second Presbyterian Church Home for Indigent Old Ladies." The widow elected to take under the will. On February 14, 1913, the appellants renounced the bequests given to them, and, on the third of the following month, brought this ejectment to recover possession of all the real estate of which their father had died seized, some portions of which were in the possession of his executor and others in that of tenants under leases from him or his executor. Appellants base their right to recover, as heirs of their father, on the ground that, as the execution of his will, establishing a charity, was not attested by two disinterested witnesses, he died intestate. One of the two attesting witnesses was J. W. Moyer, the executor and trustee named in the will, and it is contended that, as he was not a disinterested witness under the Act of April 26, 1855, P. L. 328, the charity is void, and as it must fail, the will falls with it.

The first piece of evidence offered by the plaintiffs was the will of their father, and when they closed their case a nonsuit was asked for on the ground that they had themselves shown title or right of possession in the defendants. This was clearly so, and the nonsuit should have been granted solely on the ground that, under the will of the testator, probate of which could not have been

denied, the title to his real estate at the time this action was brought was in his executor and testamentary trustee and the right to the possession of it in the defendants. Instead of entering the nonsuit on this plain and well understood legal proposition, the trial judge, in passing upon the motion to enter it, said plaintiffs were entitled to go to the jury if J. W. Moyer was an interested witness to the execution of the testator's will within the meaning of the Act of 1855, but, after proceeding to give his reasons why he regarded Moyer as a disinterested witness, he held that the will had been validly executed and that the plaintiffs could not, therefore, recover. The question which the trial judge undertook to decide in passing upon the motion for a nonsuit was not in the case, and his misconception of the situation seems to have been followed by the court in banc in refusing to take off the nonsuit. The will had been executed by the testator in the presence of two witnesses, had been duly admitted to probate and was a valid disposition of his estate for the purpose of paying his debts and funeral expenses and the annuity to his widow. Whether its provision creating the charity must fail by reason of his disregard of the statutory requirement as to the execution of a will bequeathing or devising an estate in trust for religious or charitable uses, is an entirely different question, to be passed upon when it arises. A will containing, among other provisions, one for religious or charitable uses is not void, under the Act of 1855, if it is not attested as that act requires; it is only the religious or charitable bequest or devise that fails; Baxter's App., 1 Brewster 451; Hegarty's App., 75 Pa. 503; Broe v. Boyle, 108 Pa. 76; Irvine's Est., 206 Pa. 1; Stout v. Young, 217 Pa. 427; Carson's Est., 241 Pa. 117. The question of the right of the appellants to the possession of the real estate left by their late father cannot arise during the time he has directed his executor to hold it for the purpose of providing an annual income for his widow. The net income from it may or may not

be at all times sufficient to pay her the annuity of $1,500, but, without regard to this, until she remarries or dies, the title to all of her husband's real estate, and the right of possession of the same, subject to the leases made by him, will be in his executor. Upon the remarriage or death of the widow, appellants may, in a proper proceeding, raise the question of their right to take the real estate of which their father died seized, on the ground that his disposition of it to a charity is void under the statute. If the charity be then declared void, they will be entitled, as heirs of their father, to take the land intended for it.

As the nonsuit ought to have been granted for the reason stated, the appeal from the refusal to take it off is dismissed and the judgment is affirmed.