## Quinn's Estate.

*Probate of will—Witnesses—Cross-examination—Rebuttal.*

1. Where a witness called by proponents is discredited by proof by contestants of an admission by him that he had signed the will as a subscribing witness several weeks before the other subscribing witness, he need not be called in rebuttal to deny the admission if, upon his cross-examination in chief, he denied that he had made the statement attributed to him and testified that he had merely said that the will had been made some time before decedent's death.

*Probate of will—Charities—Subscribing witness.*

2. The validity of a gift to charities is to be determined upon distribution, and not upon probate proceedings.

Exceptions to decree dismissing appeal from Register of Wills. O. C. Phila. Co., July T., 1922, No. 15.

*Harvey McCourt* and *Frederick W. Gourlay*, for exceptions.

*Henry J. Rebman*, contra.

HENDERSON, J., Dec. 22, 1922.—In the brief filed on behalf of the exceptants they state that the request for an issue upon the questions of testamentary

capacity and undue influence will not be pressed, as they concede the insufficiency of the testimony.

The only question which was argued was whether, there being a gift to charity, the will was proven by two subscribing witnesses. The brief for the exceptants concedes that the testimony of the two subscribing witnesses, if believed, is sufficient proof of due execution. One of the witnesses—John L. Morgan—is admittedly unimpeached. Michael A. Checchia, the other witness, is attacked. A witness, William T. Walker, testified he called to see him in January, 1922, and that Checchia then said the will was signed by him only "two or three weeks or may be a month" before. It was contended that, as Checchia was not recalled to deny these statements, they must be accepted as verity. This was not necessary, because when he was called in chief he said, in answer to a question, that he had not told Walker that execution was made a month before, but sometime before the decedent died.

Furthermore, the testimony of the scrivener, Edward J. Kirchner, Esq., as a witness of the execution of the will, was ample, taken in connection with that of Morgan, to sustain the probate.

The validity of the gift to the Church of the Holy Apostles was not before the hearing judge; it could only be raised upon distribution of the estate. In Carson's Estate, 241 Pa. 117, Mr. Justice Brown said: "The probate of a will without regard to its provisions is one thing; distribution of the estate of the testator in accordance with its terms is another. The former is for the Register; the latter is none of his concern. Distribution is for the court alone, and on distribution, and not before, is the validity of the provisions of a will to be passed upon. It may safely be said that no more competent or learned judge in this State ever passed upon questions relating to the distribution of decedents' estates than the late Judge Penrose, of the Orphans' Court of Philadelphia County, and what he considerately decided has always carried with it the weight of high authority. We quote with approval what he said in two cases upon the question now before us: 'Nor does the Act (of 1855) forbid probate even where there are no attesting witnesses. The will is perfectly good, so far as the appointment of an executor is concerned, or for any other purpose except the attempted charitable gift. See Hupfeld's Estate, 5 Phila. 219:' Taylor's Estate, 16 Phila. 274. 'Whether the dispositions contained in a will, where the testamentary capacity of the testator is unimpeached, are valid or not are questions with which the Register of Wills has no concern if the will itself has been proved in the manner permitted by law; and the order admitting to probate can have no effect, therefore, upon the subsequent consideration of the questions when the estate comes before the court for distribution. This is very clear where the ground of invalidity is the creation of a perpetuity, or an accumulation contrary to the act of assembly, and, as we think, no less clear where a gift to a charity is attacked because the will was not executed a calendar month before the testator's death, or was not attested by two credible witnesses, or that the witnesses were not, at the time of such execution, disinterested. Such facts have no bearing upon the question of probate, which may be, and frequently is, demanded simply upon proof by two witnesses of the signature of the testator. The precise point was involved in the decision of the recent case of Irvine's Estate, 206 Pa. 1:' Evans's Estate, 12 Dist. R. 694."

The exceptions to the decree dismissing the appeal are dismissed.

LAMORELLE, P. J., did not sit.