## Appeal of ESTATE OF VALENTINE JANSON.

Docket No. 4777.   Submitted October 28, 1925.   Decided January 12, 1926.

Charitable bequests made within 30 days of the death of the decedent and, for that reason, void by statutory provision of the State of decedent's domicile, are not deductible in determining the net estate subject to the estate tax.

*K. L. Shirk, Esq.*, for the taxpayer.
*John F. Greaney, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency in estate tax in the amount of $845.17 for 1923.

### FINDINGS OF FACT.

Valentine Janson, a resident of Pennsylvania, made his last will and testament on March 23, 1923, in which, after providing for specific legacies, he made certain bequests for charitable and public purposes.

Section 8312 of the Pennsylvania statutes provides as follows:

No estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic, or to any person, in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testator, and all dispositions of property contrary thereto, shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law.

Valentine Janson died within 30 days after making his will. Immediately upon the reading of the will after the burial of the decedent, his heirs and next of kin joined in a release of the residuary estate to the charities of any and all interest which they acquired in the fund by virtue of the operation of the statutes of Pennsylvania with respect to charitable bequests made by will within 30 days of the death of the decedent.

The fund bequeathed to the charities was actually received by such charities after execution of the release signed by the heirs and next of kin of the decedent. The order executed by the Orphans' Court of Lancaster County, Pa., in so far as it is pertinent, is as follows:

Valentine Janson died testate on the thirtieth day of March, 1923. A printed copy of his will is hereto attached and should now be read.

As he died less than thirty days after the execution of his will, charitable bequests therein provided for are void. The following are his heirs and next of kin:

1. Joseph Janson, a brother.
2. The children of Katherine Janson Kasel, a deceased sister.
    a. Frank V. Kasel.
    b. Edmund J. Kasel.
    c. William C. Kasel.
    d. Gertrude M. Kasel.
    e. Katherine A. Kasel.
    f. Mary Weisser.
3. The children of Martha Janson Becker, a deceased sister.
    a. Martha Becker.
    b. Mary Becker.
    c. Serena B. Nikolaus.

By an instrument dated April 13, 1923, these heirs and next of kin have assigned their inherited interests in the estate of the testator, as follows: To the Columbia Hospital, $2000.00; to St. Joseph's Hospital, $1000.00; To the Holy Trinity Catholic Church of Columbia, Pa., for the building fund, $20,000.00; to be used as an offering for Masses for the repose of the souls of testator and testator's brother, Frank Janson, $1000.00; to St. Peter's Catholic Church of Columbia, Pa., $1000.00 and the balance to the Lancaster Trust Company, of Lancaster, Pennsylvania, trustee, in conformity with the trusts and uses intended to be created by the testator.

This disposition was in accordance with the terms of decedent's will.

The Commissioner refused to allow such charitable contributions as a deduction from the gross estate of the decedent and from that action this appeal is taken.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRAMMELL: The question involved in this appeal is whether the charitable bequests provided for in the will of the decedent are to be deducted in determining the value of the net estate subject to the estate tax under section 403 of the Revenue Act of 1921, which is as follows:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

*　　*　　*　　*　　*　　*　　*

(3) The amount of all bequests, legacies, devises, or transfers, except bona fide sales for a fair consideration in money or money's worth, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent's death, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes,

including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917.

At the hearing it was admitted by counsel for the taxpayer that the courts of Pennsylvania had always interpreted section 8312 of the Pennsylvania statutes, which is quoted in the findings of fact, to mean that charitable bequests made by will within 30 days of the death of the decedent were void. This admission of counsel for taxpayer is supported by a decision of the Supreme Court of Pennsylvania in *In re Arnold's Estate*, 249 Pa. 348; 94 Atl. 1076, where the court said:

> From the earliest interpretation of the statute to the present time, we have uniformly held, as the act declares, that estates devised or bequeathed contrary to its provisions are void. See *Price* v. *Maxwell*, 28 Pa. 23, 39; *Luffberry's App.*, 125 Pa. 513, 515, 17 Atl. 447; *Gray's Est.*, 147 Pa. 67, 23 Atl. 205; *Gregg's Est.*, 213 Pa. 260, 264, 62 Atl. 856; *Carson's Est.*, 241 Pa. 117, 88 Atl. 311; *Hegarty's App.*, 75 Pa. 503, 516.

From the foregoing it appears that the charitable bequests were null and void and that the charities therein named did not, in fact, receive anything from the decedent. The bequests being void, the heirs and next of kin received that which the charities would have received if the bequests had not been void. The heirs and next of kin received the bequests and it was through them, and not through the decedent, that the charities named in the will of the decedent received anything. Since the charitable bequests were null and void, they can not be recognized for the purpose of the deduction provided in section 403 (a) (3). The fact is that the decedent did not, under the laws of Pennsylvania, bequeath anything to the charities named in the will. His effort to do so proved futile by virtue of the statute. The fact that his heirs conveyed to the charities does not entitle the estate to the deduction.

*K. L. Shirk, Esq.*, for the taxpayer.
*John F. Greaney, Esq.*, for the Commissioner.

