## Grazier's Estate.

Argued October 6, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Ray Patton Smith,* with him *Wm. H. Burd,* for appellants.

*James A. Graham,* of *Graham, Yost & Meyers,* for appellee.

PER CURIAM, November 24, 1930:

A petition was filed by a majority of the beneficiaries, asking the court below to end a trust; the prayer was refused and petitioners have appealed.

John A. Grazier, by his last will, provided, inter alia: "All stocks, bonds or certificates for shares in limited partnerships which I may possess at the time of my decease, I give......to my son Harvey F. Grazier as trustee, he to hold the same in trust for the persons and for the time and purposes as follows": (1) To pay the income derived from the trust fund to the widow of the decedent "during the term of her natural life." (2) After the death of the life tenant, to continue the trust for a further term of ten years, paying the income to the three children of decedent, Harvey, John and Ethel, "their heirs or assigns, share and share alike," and at the end of that time to divide the principal equally among these children, "their heirs and assigns"; with a provision that, should the three children, "after the death" of the widow, "unanimously decide" to end the trust, they might do so within the ten-year period. He also gave to his wife a life interest, free of trusts, in all of his property not otherwise disposed of, with remainder to his children, also free of trust.

The widow and all three children survived the testator, but Harvey S. Grazier, son of testator, who was named as the trustee, subsequently died, leaving to survive him a widow and three children, one of whom is a minor. The Johnstown Trust Company took Harvey S. Grazier's place as trustee and also became guardian of his minor child. The company, both as trustee and as guardian, filed an answer in which it objected to the termination of the trust.

The court below, in refusing appellant's petition, states: "There is no doubt in [our] mind......that

when......John A. Grazier created this trust......his object was to take care of his widow so that she would not come to want during her life......; it is......evident that [this] was......satisfactory to [her], for she did not elect to take against his will; and even though she now [may desire] to end the trust created in her interest, we do not believe that the court should be a party to thwarting the intentions of the testator...... Furthermore, we do not see how this trust can be terminated without the consent of the guardian of the minor who is interested, and both the guardian and the trustee......object to the termination of the trust on the ground that it would not be for the best interest of the minor and the [widow of the original testator]...... There has not been submitted to this court persuasive ......evidence that it would be to the best interests of the minor and the cestui que trust to have the trust terminated."

After reading the entire record and considering the able arguments of counsel, we are not convinced of error in the decree under attack or that the court below erred in refusing a rehearing to appellants. In reaching this determination, we have not overlooked the fact that, in an earlier proceeding, the present appellee, the Johnstown Trust Co., asked leave to execute, with the present appellants, a certain agreement relating to the trust property here involved, and at that time averred its belief that a prime purpose of the trust was to provide for the control of the companies and limited partnerships whose stocks, bonds and shares, prior to their conversion into other securities, had composed the corpus of the trust fund; nor, on the other hand, have we overlooked the fact that the agreement in question, signed by appellants, not only provided for the continuation of the trust during the life of the widow of the original decedent, but also particularly recited that it was entered into "in accordance with the known wishes and intention of the testator" that said trust should continue dur-

ing the life of his widow. No doubt one of the intentions of the testator was to place the control of his companies in the hands of the trustee named by him, but, as found by the court below, the will itself shows that testator intended the trust to last at least during the life of his widow, for the purpose of securing to her the income from the fund thus set aside. We agree with the orphans' court that, under the circumstances disclosed by this record, the conversion of the securities left by testator, and the reinvestment of the fund in other securities, presents no sufficient reason for ending the trust at this time. In conclusion, we may say, the fact averred by appellants that the widow has sold her interest, provided the trust should be judicially declared terminated, for a sum sufficient to purchase an annuity equal to her present income from the trust estate, does not, in law or otherwise, so alter the situation as to warrant the reversal of the decree entered by the court below.

The decree is affirmed at cost of appellants.