### Slater's Estate.

Argued April 11, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*P. B. Roads,* with him *P. A. McCarran,* for appellant.

*Edgar Downey* and *D. W. Kaercher,* for Schuylkill Trust Co., substituted trustee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1934:

At the audit of the fourth account of Joseph W. Moyer, executor and trustee under the last will of Henry P. Slater, deceased, the trustee presented a petition for termination of the trust and final distribution of the estate. The present appeal is from a decree of the Orphans' Court of Schuylkill County, confirming the account but dismissing the petition for distribution.

This is the third time we have been asked to review proceedings arising from the settlement of decedent's estate. The provisions of the will and other relevant facts are clearly set forth in the opinions reported in 245 Pa. 60, and 265 Pa. 88, and need not be repeated here in detail. It is sufficient to remark that testator left his entire estate in trust with the principal object of providing an annuity for life for his widow, and after her death the establishment of an old ladies' home. Two children of testator by a former marriage, who were practically disinherited in the will, have, since the time of its probate, contested the validity of the charitable bequest contained therein. The present proceedings are an attempt to settle the controversy by ending the trust and distributing the estate. The petition to that end was presented by the trustee, who has since died, and is

58

joined in by the widow, who elected to take under the will and is now living and unmarried, by the son, George W. Slater, appellant, and by the administrator of Bessie Slater Allen, now a presumed decedent, as well as by the Second Presbyterian Church of Pottsville. By the terms of the will, the last named organization received a bequest of a memorial window, which has not as yet been erected due to lack of sufficient funds from the estate.

It is clear that appellant's attempt to end the trust is premature. He is not assisted by the Act of April 14, 1931, P. L. 29, providing for the termination of trusts, for the reason that the charity contemplated by testator is not represented on the record as an interested party. The Second Presbyterian Church of Pottsville asserts it represents the interest of the charity, but this cannot be so, since in 1931 it revoked a former acceptance of the trust designated by decedent. Moreover, the charity is not yet in existence, and by the provisions of the will cannot be until after the death or remarriage of the widow.

In our last opinion on this estate, 265 Pa. 88, we said (page 95), after discussing the terms of the will: "These provisions are too plain to admit of misunderstanding as to their purpose. They are the full equivalent of an express direction that the trust created by the will covering the entire estate was to continue until the remarriage or death of the widow; it was upon the happening of one or the other of these events that the charitable bequests, in what remained, were to take effect. Failure of the charitable bequests could have no effect on these earlier provisions of the will,—the creation of the trust and the directions in regard to its continuance." Nothing has occurred to alter the force of what we said in the case just cited. We have already stated on two previous occasions that the time for ascertaining whether the trust established by testator should come to an end will be upon the death or remarriage of his widow, and in now repeating that declaration for the third time, we

believe it should be reasonably clear to appellant that his contention to the contrary cannot prevail. See also Grazier's Est., 301 Pa. 422.

The decree is affirmed at appellant's cost.