## Lipman's Estate

*Maurice A. Nemirow*, for petitioner.

*Israel K. Levy*, contra.

Before Van Dusen, P. J., and Stearne, Sinkler, Klein Bolger, and Ladner, JJ.

VAN DUSEN, P. J., January 7, 1938—The will of the testator which was admitted to probate was in Yiddish. An appeal from probate was taken and an issue asked for with respect to certain matters of which one only was pressed at the hearing, viz.: Whether certain lines were interlineations made after the execution of the will. At the hearing the appellants also sought to question the accuracy of the translation of the will which was filed with the register. This matter was referred to in the petition on appeal, but no issue was asked with respect to it, and I, as hearing judge, therefore declined to hear further evidence on the point. Thereupon leave to amend was asked, in order to make the question of translation one of the issues to be determined and it is the propriety of the amendment that is now before us.

Section 12 (*a*) and (*b*) of the Register of Wills Act of June 7, 1917, P. L. 415, provides as follows:

"Section 12. (*a*) Any and all person or persons who shall offer for probate any will or codicil, or who shall offer any other written or printed instrument, to be re-

corded in any register's office in this Commonwealth, or to be filed in said office as required by law, which will, codicil, or instrument shall be in any other than the English language, shall furnish at his, her, or their expense, to the register, a sworn translation in English of such instrument; and the register shall attach or cause to be attached such translation to the original, and file both the original and the translation of record in his office, in all cases where filing is now or hereafter may be required by law; but, in all cases where recording is now or hereafter may be required, both the original and the translation in English shall be recorded.

"(b) The register of wills shall not file or mark filed, record or mark recorded, any written or printed instrument in violation of this section; nor shall any paper filed or recorded in violation of this section be notice to any person in any legal proceeding whatever, nor be received or considered in evidence in any proceeding at law, in equity, or in the orphans' court."

The question is whether the receipt of the sworn translation thus provided for is part of the act of probate. If it is, it must follow that interested parties would have a right to be heard before the register, and would have a right to be heard on appeal from the register. There is no provision in this statute for notice to parties or for a hearing. Our general practice in the probate of wills requires no notice to parties before the probate, though there is abundant opportunity to raise all questions which affect probate by appeal from the register. The probate of the will is notice to the world, and interested parties must take notice of the matters thus determined and appeal if they have any question.

This system in practice works very well, because in almost all cases the validity of a paper as the will of the decedent is not contested. Opportunity to make a contest is afforded in the exceptional cases by the appeal. In this way a great deal of unnecessary paper work is avoided without injustice being done. The executor enters upon

his duties promptly, and the expense and annoyance of administration pendente lite is avoided.

But the probate does not determine the meaning of the will, or its application to the estate of the decedent, or the validity of particular provisions such as a gift for charitable purposes: Hegarty's Appeal, 75 Pa. 503 (1874) ; Sheaffer's Estate, 240 Pa. 83, 91 (1913) ; Carson's Estate, 241 Pa. 117 (1913). These are all matters to be determined by the orphans' court in making distribution of the estate. It is out of line with the general principles of our practice to make the act of probate conclusive as to a matter having to do with the interpretation of the will, whether it be the correct translation of a foreign language, or the use of trade terms, or references to particular property of the decedent, or ambiguous or contradictory language generally. In our opinion the statute above quoted does not intend that the sworn translation shall be part of the act of probate, and therefore conclusive unless appealed from. It is for information only. The translation is furnished by the proponent, not by the register.

As the decision depends upon the Pennsylvania statute and Pennsylvania methods of procedure, we do not think that cases from other jurisdictions are particularly helpful. We note, however, the following authorities which come to the same conclusion: 2 Page on Wills (2d ed.) 941, sec. 567; 3 Redfield on Wills (3d ed.) 54; L'Fit v. L'Batt, 1 P. Wms. 526, 24 Eng. Repr. 500; In re Cliff's Trusts, 2 Ch. Div. 229 (1892). A different view was taken in Caulfield v. Sullivan, etc., 85 N. Y. 153, 162, in which the court held that the translation of the will was part of the probate and was conclusive. It is not unlikely that this decision was influenced by the fact that the New York surrogate who receives probate of wills constitutes a court of "general jurisdiction"; and further that, as we understand the New York practice, wills are probated only after citation to interested parties. This procedure gives the parties an opportunity to be

heard with respect to the correctness of the translation, which our procedure does not.

The opinion refers to the above case of L'Fit v. L'Batt, and concludes:

"But the authority of that case would seem to authorize any court before which the question was raised to determine whether the translation was correct or not. We have examined this translation, and have no reason to doubt that it is correct". From the whole opinion it would seem that there was no real dispute over the accuracy of the translation.

As the subject matter of the proposed amendment does not properly come before this court on appeal from probate, the petition for leave to amend is refused.