## McClain Estate

30

*Jno. P. Sipes*, for petitioners.
*James A. Strite*, for trustee.

SHEELY, P.J., September 6, 1949.—Dr. H.C. McClain died leaving a will wherein he made certain pecuniary bequests totaling $21,000 to relatives and others, and then bequeathed and devised the residue of his estate to his widow. From the residue (which we are told amounted to approximately $42,000) he directed that "$21,000 to be held in trust by Chambersburg Trust Co. and the income thereon to be paid to my wife during her lifetime or until she remarries at her death or remarriage to be paid to all the heirs above in the same ratio as above mentioned which would be double the amounts named above making the $21,000 to be held in trust." Two of the pecuniary legatees, who are also remaindermen of the trust estate, have petitioned for a termination of the trust to the extent of their interests in the remainder. Lena McClain, the life tenant, has consented to the termination of the trust and has joined in the prayer of the petition. Chambersburg Trust Company, trustee, has filed answers to the petitions suggesting that one of the purposes of testator, as shown by his will, was to assure his widow the income from the trust fund during her lifetime or widowhood, and that this purpose is not fulfilled so long as she lives and remains unmarried.

The general rule as to termination of a trust is that the beneficiaries, if all consent and none is under an incapacity, can compel its termination if the continuance of the trust is not necessary to carry out a material purpose of the trust, although the period fixed by the terms of the trust for its duration has not expired. But, even though they all consent, they cannot compel the termination of the trust if its continuance is necessary to carry out a material purpose of the trust:

A. L. I. Restatement of the Law of Trusts, §337; Stafford's Estate, 258 Pa. 595, 598 (1917).

The question presented, therefore, is whether testator created the trust for the purpose of preserving the corpus for the remaindermen, or for the purpose of guaranteeing an income to his widow during her life or widowhood, and this question must be determined from the terms of the will itself: Buch's Estate, 278 Pa. 185, 188 (1923). In comment f under section 337 of A. L. I. Restatement of the Law of Trusts, it is said:

"The mere fact that the settlor has created a trust for successive beneficiaries does not of itself indicate that it was a material purpose of the trust to deprive the beneficiaries of the management of the trust property for the period of the trust. If a trust is created for successive beneficiaries, in the absence of circumstances indicating a further purpose, the inference is that the only purpose of the trust is to give the beneficial interest in the trust property to one beneficiary for a designated period and to preserve the principal for the other beneficiary, and if each of the beneficiaries is under no incapacity, and both of them consent to the termination of the trust, they can compel the termination of the trust."

A careful examination of the will of Doctor McClain fails to disclose any circumstance indicating any purpose of the trust other than to give the beneficial interest therein to his widow for life and to preserve the principal for the other beneficiaries. The fact that he made outright bequests of $21,000 to the pecuniary legatees and then directed that the sum of $21,000 out of the residuary estate should be held in trust and that at the death or remarriage of his widow the pecuniary legacies should be doubled indicates that his real purpose in creating the trust was to preserve the corpus for the benefit of the pecuniary legatees so that his bequests to them would actually be $42,000, but at the

same time giving his widow the beneficial interest during her lifetime. The fact that he gave his widow approximately one third of his estate outright would indicate that he had no apprehension concerning her ability to manage her property making it necessary for him to create a trust in order to guarantee her an income.

The trustee has called our attention to Slater's Estate, 316 Pa. 56 (1934), and Grazier's Estate, 301 Pa. 422 (1930). In Slater's Estate the court found that testator left his *entire* estate in trust with the principal object of providing an annuity for life to his widow, and after her death the establishment of an old ladies' home. Contending that the charitable bequest was void, the widow, a son, and the administrator of the estate of a daughter, sought to terminate the trust, but in view of the express directions of the will that the estate should be held intact during the lifetime of the widow, the request was refused. In Slater's Estate, 265 Pa. 88 (1919), the terms of the will are more fully set forth and it will be seen that they differ materially from the terms of the present will as here there is no express direction that the estate should be held intact during the lifetime of the widow. In Grazier's Estate, 301 Pa. 422 (1930), one of the remaindermen objected to the termination of the trust which, of itself, was sufficient reason for the denial of the request. But the court also came to the conclusion that the object of testator in creating the trust was to care for his widow so that she would not come to want during her life, and that the will itself showed that testator intended the trust to continue at least during the life of the widow for the purpose of securing to her the income from the fund. The will provided for a continuance of the trust for a period of 10 years after the death of the widow for the benefit of the remaindermen and then provided that the remainder-

men might "unanimously decide" to end the trust before the expiration of the additional 10-year term, thus inferentially indicating an intention that it should not be sooner terminated.

No such provisions are found in the present will. The only basis for a contention that the ultimate purpose of testator was to provide an income to his widow for life is the direction to pay the income to her. To adopt this theory would be to hold that where a testator creates a trust under which his widow is to receive the income for life or until remarriage, this provision, of itself, indicates that it was testator's intention that the trust could not be terminated during her widowhood. We know of no case so holding. Had the widow transferred her beneficial interest to the remaindermen as was done in Stafford's Estate, 258 Pa. 595 (1917), there can be no doubt that the remaindermen, owning the entire beneficial interest, could terminate the trust. By consenting to the partial termination of the trust for the benefit of the two remaindermen the widow has, in effect, transferred her interest to them. See also Sharpless' Estate, 151 Pa. 214 (1892); Culbertson Appeal, 76 Pa. 145 (1874).

And now, September 6, 1949, it is ordered, decreed and adjudged that the trust created by the will of Dr. H. C. McClain, deceased, be partially terminated, and that Fannie V. McClain is entitled to 1/21 of the original fund, increased by 1/21 of the capital gains, and that Jesse B. McClain is entitled to 2/21 of the original fund, increased by 2/21 of the capital gains, diminished by the cost of this proceeding and such commissions, counsel fees, costs of accounting and other proper credits as may be established upon an accounting. Chambersburg Trust Company, trustee of said fund, is directed to state an account from which the amount distributable to Fannie V. McClain and Jesse B. McClain may be determined.