## Bechtel Estate

*Derr, Hawman & Derr*, for petitioners.

MARX, P. J., November 20, 1954.—This matter comes before us on the petition of Carrie E. Bechtel, widow of Harold F. Bechtel, deceased, asking an interpretation of the provisions of the will of that decedent.

The petition sets forth that the will consists of two documents, in testator's own handwriting, the early one originally dated May 1, 1950, with that date crossed, and the date of April 30, 1953, imposed. The second writing bore the original date August 11, 1952, that date crossed and the date April 30, 1953, imposed. The former will is designated a "draft of a new will by Harold F. Bechtel." The later writing begins: "If any thing should happen To me fatally and my wife Carrie E. Bechtel. . . ." The early will bears the endorsement, in pencil, likewise written and signed by the testator:

"These two will should be the base to figure on just I want.

      Apr. 30-1953

      My wife should receive all consideration

                        Harold F. Bechtel."

Petitioner avers that "the aforesaid documents constituting the last will and testament of Harold F. Bechtel, deceased, are internally inconsistent, particularly with respect to the disposition of testator's real estate."

In the fourth paragraph petitioner avers "the first of said documents aforesaid appears to devise and bequeath all of testator's real and personal property, with some minor exceptions as to personalty, to testator's widow, Carrie E. Bechtel," petitioner aforesaid; "the second of the aforesaid documents appears to bequeath to testator's widow, . . . [the petitioner] . . . all of his personal estate, with several minor exceptions, absolutely; and appears to devise his real estate to your petitioner for life with a power of consumption if necessary . . . with the residue to Mary Elizabeth Rickert Guest."

The writings contained numerous cancellations, interlineations, and what appear to be subsequent writings in ink and in pencil, some over the signature of testator, others appearing merely as memoranda or corrections.

Petitioner avers she cannot intelligently exercise her right to take under or against the will of decedent, that the rate of inheritance tax due upon the estate cannot be determined, and that (she) cannot properly proceed with the settlement of the estate without a present interpretation of the will.

On July 1, 1954, both writings, bearing the dates April 30, 1953, were duly probated. Petitioner now seeks a decree interpreting the writings as the last will and testament of Harold F. Bechtel, deceased.

After careful study and consideration of the respective writings, with alterations, additions, and cancellations, we have arrived at the conclusion that we are without authority to undertake and submit any interpretation at this time.

"The probate of a will without regard to its provisions is one thing; distribution of the estate of the testator in accordance with its terms is another. The former is for the register; the latter is none of his concern": Carson's Est., 241 Pa. 117, 121.

Having cited that principle, the Supreme Court said, in Rockett Will, 348 Pa. 445, 449:

"It is clear that the issue here, i.e., whether or not clause (a) formed a part of testator's will, is one of probate, rather than of construction or distribution. . . . 'Accordingly, nothing is better settled in England than that the ordinary or ecclesiastical court has exclusive jurisdiction of the question, whether any particular clause is really a part of the will of the testator. . . . We may assume that where the contest is, whether a particular clause really forms a part of the will of the testator . . . it is in the power of the register to grant probate of the rest of the paper without such clause as forming in truth no part of the will. . . .'

"Although it appears from the affidavit of the attesting witnesses that the marginal notations apparently were not on the will at the time of its execution, the decree of probate, nevertheless, fails to state whether or not they are part of the will with which we are here concerned. The silence of the decree in this connection makes it capable of a double interpretation, either that the clause was or was not revoked, and thus a proper distribution could not be made at the audit. . . . Therefore, in the instant case, in view of the Register's failure to determine whether all or merely a part of the instrument offered for probate was in fact the will of testator, it is obvious that the court

below had no alternative but to declare the decree of probate void and refuse to audit the account until an intelligible and unequivocal decree is made by the Register. . . .

"It was his function to construe the instrument presented to him with the Register's specific finding and without any authority in him as the Auditing Judge to take any testimony or to deliberate the matter further than what appears on the face of the instrument itself and in the Register's record."

In Hildebrand Will, 365 Pa. 551, there was an appeal concerning the partial revocation of a will by obliteration. The will, as probated, disclosed the obliteration without a declaration as to whether the obliteration was made before or after probate. The appellate court held that the issue was properly raised upon an appeal from probate and not on the construction of the will.

In this case there is abundant reason for saying that not all of the writings submitted in probate should be included as part of the will of testator. At this point we are confronted with what appears to be two wills of testator, with unexplained cancellations, interlineations, and additions, with testator's suggestion that out of the two wills there be one will constructed under the terms and dispositions submitted, and all others be excluded from probate. This was not done. We conclude that the relief sought lies with the register of wills on a new petition for probate. Following that there may then be presented a petition for interpretation, based on what was included in the probate.

It is accordingly decreed that further consideration be deferred; that the probate be vacated; and that further hearing and determination by the register of wills be awaited.